```
               IN THE UNITED STATES DISTRICT COURT
               FOR THE WESTERN DISTRICT OF TENNESSEE
                         WESTERN DIVISION
```

| | |
|---|---|
| **ROBERT WILKERSON,**       )<br>                             )<br>                             )<br>   **Plaintiff,**           )<br>                             )<br>**v.**                       )           **Case No. 06-2736**<br>                             )<br>**BOARD OF EDUCATION OF THE** )<br>**MEMPHIS CITY SCHOOLS,**    )<br>                             )<br>                             )<br>   **Defendant.**            )<br>                             ) | |

### ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE

Plaintiff Robert Wilkerson filed a Complaint against Defendant Board of Education of the Memphis City Schools on October 30, 2006 and paid the filing fee on November 6, 2006. Plaintiff has taken no further action to prosecute this case. On January 20, 2010, the Court issued an Order to Show Cause, giving Plaintiff fourteen (14) days to show cause why this matter should not be dismissed for failure to prosecute. Plaintiff did not respond.

Federal Rule of Civil Procedure 41(b) provides for dismissal of actions "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." "The authority of a court to dismiss sua sponte for lack of prosecution has

generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) (footnote omitted).  In considering a Rule 41(b) motion, courts consider four factors:

> (1) [W]hether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

Knoll v. AT&T, 176 F.3d 359, 363 (6th Cir. 1999) (citing Stough v. Mayville Cmty Sch., 138 F.3d 612, 615 (6th Cir. 1998)). "Although typically none of the factors is outcome dispositive, it is said that a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." Id. (citing Carter v. City of Memphis, 636 F.2d 159, 161 (6th Cir. 1980)).

Plaintiff has taken no actions to move this case forward. The Complaint was filed over three years ago.  Besides paying the filing fee a week after filing the Complaint, Plaintiff has taken no additional actions.  The Plaintiff did not respond to the Court's Order to Show Cause why the case should not be dismissed for failure to prosecute.  For the foregoing reasons,

2

the Court DISMISSES this action for failure to prosecute pursuant to Rule 41(b).

So ordered this 16th day of February, 2010.

                                                s/ Samuel H. Mays, Jr.
                                                SAMUEL H. MAYS, JR.
                                                UNITED STATES DISTRICT JUDGE